Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOELY COLÓN CRUZ Y RAMÓN L. ARROYO RODRÍGUEZ<br><br>Demandante-Recurrido<br><br>Vs.<br><br>TOYOTA DE P. R. CORP. Y ASEGURADORA ABC<br><br>Demandado-Peticionario | TA2025CE00618 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2024CV01028<br><br>Sala: 601<br><br>Sobre: DAÑOS Y PERJUICIOS, RESPONSABILIDAD POR PRODUCTOS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

Comparece la parte peticionaria, Toyota de P.R. Corp., solicita la revocación de la resolución emitida y notificada el 12 de noviembre de 2025. Por medio de la determinación apelada, el foro primario ordenó al peticionario a contestar los interrogatorios objetados y a entregar el descubrimiento de prueba solicitado por la parte recurrida, compuesta por la señora Joely Colón Cruz, y el señor Ramón L. Arroyo Rodríguez.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto de *certiorari* solicitado.

-I-

El 28 de abril de 2025, la parte recurrida presentó *Moción al Amparo de la Regla 34 de Procedimiento Civil para que se Ordene a Toyota de P.R. Corp. a Contestar Interrogatorios y a Producir Prueba Documental Solicitada*. En el escrito, la parte recurrida solicitó una orden dirigida a la parte peticionaria para contestar los

interrogatorios número 11, 22, 28, 40, 42, 43 y 50.[1] La parte peticionaria argumentó ante el tribunal de primera instancia que la petición de orden debió ser denegada, por no cumplir con la Regla 23.1(A) de Procedimiento Civil. Las partes del epígrafe celebraron reuniones para atender las controversias relacionadas al descubrimiento, conforme a la Regla 34 de Procedimiento Civil. En las reuniones, la parte recurrida modificó ciertas solicitudes del descubrimiento notificado y la parte peticionaria accedió a suplementar algunas respuestas, mientras reiteró sus objeciones en otras. La parte peticionaria proveyó respuestas suplementarias el 14 de abril de 2024. No obstante, en síntesis, la parte peticionaria objeta los interrogatorios antes referidos, pues según su parecer, el descubrimiento de prueba solicitado requiere la divulgación de información protegida por la "doctrina del producto del abogado y la regla del perito consultor".

El tribunal consideró todos los escritos de las partes sobre el asunto. Por vía de la resolución recurrida ordenó a la parte peticionaria a "contestar los interrogatorios 11, 22, 28, 40, 42 y 50 de los demandantes y a producir la prueba solicitada en estos interrogatorios". Esto en vista del principio de descubrimiento de prueba amplio y liberal que rige en nuestra litigación civil y en ausencia de las limitaciones reconocidas en la Regla 23.1 de Procedimiento Civil. La reconsideración presentada por la parte peticionaria fue denegada por el tribunal. Todavía inconforme, la parte peticionaria comparece ante este tribunal apelativo y señala el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al ordenar la divulgación de información protegida por la doctrina del producto del abogado y la regla del perito consultor, en incumplimiento con la Regla 23.1 de las de Procedimiento Civil.

---

[1] En el presente recurso la parte peticionaria recurre sólo sobre los Interrogatorios 11 y 40.

La parte recurrida también compareció mediante alegato escrito. En consecuencia, procedemos a resolver el presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente y el derecho aplicable.

**-II-**

*-A-*

El auto extraordinario de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal apelativo revisar las determinaciones del tribunal de origen. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). La característica distintiva del recurso es la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar los méritos de la cuestión presentada. Para determinar si procede la expedición de un recurso discrecional de *certiorari* es preciso acudir a la Regla 40 del Reglamento del Tribunal de Apelaciones. *Banco Popular de Puerto Rico v. Gómez Alayón*, 213 DPR 314, 336-337 (2023). Los criterios enumerados en la Regla 40 sirven de guía para determinar la procedencia de la expedición del auto discrecional de *certiorari. Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, *supra*, pág. 338. Este tribunal debe evaluar el recurso de *certiorari* a la luz de los criterios especificados en la Regla 40 de nuestro reglamento, que son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-B-*

La Regla 23.1(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. En particular, el inciso (a) la regla dispone que las partes en litigio podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente [...]". Al proceso de descubrimiento le son oponibles únicamente dos limitaciones que: (1) el asunto que se pretende descubrir sea pertinente a la controversia que se dirime; y (2) la materia que se pretende descubrir, aunque sea pertinente, no sea de naturaleza privilegiada. La pertinencia debe interpretarse en términos amplios. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 391, 674 (2021); *E.L.A. v. Casta*, 162 DPR 1, 12 (2004); *General Electric v. Concessionaires, Inc.,* 118 DPR 32, 40 (1986). Por lo que, "para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia". *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 845 (2023).

Aunque amplio, el descubrimiento de prueba no es ilimitado y no constituye excusa para hostigar, perturbar o hacer a una parte incurrir en gastos innecesarios. *Torres González v. Zaragoza Meléndez, supra,* pág. 845. Así pues, "el tribunal debe[rá] rechazar por impertinente toda pregunta que no tenga una posibilidad

razonable de relación con el asunto en controversia". *Ortiz Rivera v. E.L.A., National Ins. Co.*, 125 DPR 65, 75 (1989). La prueba pertinente es aquella que produzca o pueda producir, entre otras cosas:

> (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio.
>
> *McNeil Healthcare v. Mun. Las Piedras II*, *supra*, pág. 674; *Sierra v. Tribunal*, 81 DPR 554, 573 esc. 10 (1959); J.A. Cuevas Segarra, *El descubrimiento de prueba en la práctica procesal civil puertorriqueña*, Barcelona, Bosch Editor, 2023, pág. 107.

Materia privilegiada es aquella excluida del descubrimiento por políticas extrínsecas o algún privilegio reconocido en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II, supra*, pág. 674; *Pres. del Senado*, 148 DPR 737, 766 (1999). La materia privilegiada excluye actos, hechos o comunicaciones que de otra forma serían pertinentes y descubribles. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 407 (2021); *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017); *Pagán et al. v. First Hospital*, 189 DPR 509, 518 (2013). El reconocimiento y alcance de un privilegio probatorio no es automático y de ordinario "[l]as reglas de privilegios se interpretarán restrictivamente en relación con cualquier determinación sobre la existencia de un privilegio". Regla 518 de las Reglas de Evidencia, 32 LPRA Ap. VI; *Ponce Adv. Med. v. Santiago González et al.*, *supra*, págs. 899-900. Cuando una parte considere que posee cierta información o materia privilegiada, deberá, tan pronto se le solicite su descubrimiento:

> (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los

> elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación.
>
> *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 408; *Ponce Adv. Med. v. Santiago González et al., supra*, pág. 900.

La Regla 23.1 (c) de Procedimiento Civil, *supra*, consagra el descubrimiento de prueba pericial. Al respecto, dispone lo siguiente:

(1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre y la dirección de las personas peritas que haya consultado y de los que intente presentar en el juicio. Respecto a estas últimas, podrá requerirse a la parte que exprese la materia sobre la cual la persona perita se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen las opiniones. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables.

(2) Una parte podrá hacer uso de los métodos de descubrimiento en relación con hechos conocidos u opiniones de una persona perita que ha sido contratada por otra parte con anterioridad al pleito o en preparación para el juicio, y el cual no habrá de ser llamado a testificar solamente si se demuestra circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones sobre la misma materia, por otros medios o en el caso que dispone la Regla 32.2.

Finalmente, en *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 340 (2010), nuestro más Alto Foro expresó que, en el caso de los peritos consultores, "los consejos que hayan ofrecido fundamentados en información revelada durante las comunicaciones privadas entre éste y un cliente o su abogado pueden ser consideradas" como opiniones protegidas bajo la doctrina de *work product.* Sobre este particular, en *McNeil Healthcare, LLC v. Mun. Las Piedras II,* supra, pág. 678, el Tribunal Supremo determinó que, para utilizar los mecanismos de descubrimiento de prueba contra un perito consultor, se requiere que se demuestren circunstancias excepcionales. No obstante, lo

anterior se diferencia del descubrimiento amplio y liberal que se permite respecto a los peritos testigos, "quienes, además de tener que proveer los resúmenes, opiniones y teorías de lo que declararán, el tribunal podrá ordenarles que descubran prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables". *Íd.,* págs. 692-693.

**-III-**

En el presente recurso la parte peticionaria objetó los interrogatorios números 11 y 40 contenidos en el descubrimiento de prueba notificado por la parte recurrida. Según pudimos verificar en el expediente y, confirmado por las partes, estas celebraron varias reuniones para tratar de resolver los desacuerdos en torno al descubrimiento de prueba en este caso. Empero, ciertas desavenencias persistieron y requirieron la intervención del foro primario. El tribunal ordenó a la parte peticionaria a cumplir con el descubrimiento de prueba solicitado por la parte recurrida. No obstante, la parte peticionaria insiste en que la información y documentos solicitados están protegidos por el privilegio abogado cliente, pues los informes mecánicos y exámenes técnicos efectuados por los empleados de la parte peticionaria sobre el automóvil de la parte recurrida fueron efectuados a solicitud de la representación legal del peticionario en preparación para el presente litigio.

En nuestro ordenamiento jurídico quedan excluidas del alcance del descubrimiento de prueba las materias impertinentes; las que, aunque pertinentes, están protegidas por alguno de los privilegios específicos reconocidos en nuestras Reglas de Evidencia y las preparadas en contemplación a un litigio. Reglas 23.1 y 23.3 de Procedimiento Civil; *McNeil Healthcare, LLC v. Mun. Las Piedras I, supra,* pág. 424; *Ponce Adv. Med. v. Santiago González et al., supra,* págs. 898–899.

En primer lugar, ante las discrepancias suscitadas entre las partes con relación a la existencia o el alcance del privilegio evidenciario promovido, el foro de primera instancia examinó si, además de reclamar oportunamente, la parte peticionaria estableció *prima facie*, mediante preponderancia de la prueba, los elementos necesarios para la aplicación de tales privilegios, conforme a la norma. A juicio del foro primario, la parte peticionaria no logró *argumentar convincentemente la existencia de los privilegios probatorios solicitados.* Máxime, cuando en sus otras contestaciones al descubrimiento de prueba no objetado, hizo referencia al contenido de la prueba que ahora cataloga como privilegiada.

En vista de lo anterior, al analizar con detenimiento los argumentos expuestos por el peticionario, a tenor con los criterios para determinar la expedición del auto de *certiorari* delineados en la Regla 40 del Reglamento del Tribunal de Apelaciones, resolvemos que no procede nuestra intervención con la determinación recurrida. Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

**-IV-**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* la expedición del recurso extraordinario solicitado.

Por último, al amparo de la autoridad que nos confiere la Regla 35(A)(1) de nuestro Reglamento,[2] el Tribunal de Primera

---

[2] En lo pertinente, la citada regla dispone que la "presentación de una solicitud de certiorari no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones".

Instancia no tendrá que esperar por la remisión del mandato para continuar con el trámite del caso de referencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones